[Cite as *State v. Soloman*, 2018-Ohio-2290.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106362

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JARON SOLOMON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-597809-A

**BEFORE:** Blackmon, J., E.A. Gallagher, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 14, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By: Paul Kuzmins
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Anthony Thomas Miranda
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Jaron Solomon ("Solomon") appeals from the trial court's denial of his motion to withdraw guilty plea and assigns the following error for our review:

I. The trial court erred in failing to hold a hearing and grant appellant's motion to withdraw his plea.

{¶2} Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

{¶3} On October 13, 2015, the court denied Solomon's motion to suppress evidence, and he pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(1) with a firearm specification. On December 2, 2015, the court sentenced Solomon to four years in prison for the assault to run consecutive to three years in prison for the firearm specification, for an aggregate sentence of seven years in prison.

{¶4} On February 1, 2016, Solomon, acting pro se, filed a notice of appeal and a motion for leave to file delayed appeal. *State v. Solomon*, 8th Dist. Cuyahoga No. 104072, 2017-Ohio-1357 ("*Solomon* I"). On February 17, 2016, Solomon, again acting pro se, filed a motion to withdraw his guilty plea, arguing that the court "failed to inform defendant of maximum penalty prior to accepting his guilty plea." This court granted Solomon leave to appeal in *Solomon* I on February 22, 2016. On March 7, 2016, the trial court denied Solomon's motion to withdraw guilty plea.

{¶5} On October 19, 2016, Solomon, this time acting through counsel, filed his appellate brief in *Solomon* I. His sole assigned error was: "Appellant's change of plea was not knowingly, intelligently and voluntarily made where he pleaded guilty with the erroneous belief

that he could appeal the trial court's ruling on a motion to suppress." It is undisputed that Solomon's motion to withdraw guilty plea was filed after his notice of appeal in *Solomon* I.

{¶6} On April 13, 2017, this court affirmed Solomon's conviction for felonious assault with a firearm specification. *See Solomon* I. Although the court noted that "Solomon's motion to withdraw his plea was not before us on appeal," the entire opinion analyzed whether Solomon's plea was "not knowingly, voluntarily, and intelligently entered into * * * because the trial court did not inform him that by pleading guilty, he would not be able to appeal the trial court's denial of his motion to suppress." *Id.* at ¶ 6. This court concluded that, absent a defendant raising the issue on the record prior to pleading guilty, there is no legal authority "that requires a trial court to apprise a criminal defendant that by pleading guilty, he or she could not appeal the trial court's ruling denying a motion to suppress." *Id*. at ¶ 14-15.

{¶7} On August 15, 2017, Solomon, acting through counsel, filed a second motion to withdraw guilty plea in the trial court, arguing that his plea was not knowingly, voluntarily, and intelligently made, because "both his counsel and the Court failed to inform him that agreeing to plead guilty, as opposed to no contest, foreclosed his ability to appeal the suppression motion." The trial court denied this motion on September 18, 2017. It is from this order that Solomon appeals.

{¶8} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been or could have been raised on appeal. * * * Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

**{¶9}** In the case at hand, Solomon could have raised the issue of his belief that he could appeal the denial of his motion to suppress after pleading guilty; however, he did not raise this issue in his first motion to withdraw guilty plea. Furthermore, Solomon did raise this precise issue in his direct appeal. *Solomon* I. For these two reasons, his allegation is barred by the doctrine of res judicata. The court did not err by denying Solomon's second motion to withdraw guilty plea and his sole assigned error is overruled.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR